FILED
SUPERIOR COURT
OF GUAM

2020 JUL -6 PM 5:04

CLERK OF COURT
By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>               Plaintiff,<br><br>vs.<br><br><br>ANTHONY GREGORY MENDIOLA,<br>(aka "Ton Mendiola")<br>               Defendant. | Criminal Case No. CF0343-20<br><br><br>**DECISION AND ORDER RE.<br>DEFENDANT'S SECOND AMENDED<br>EX PARTE MOTION TO DISMISS** |

This matter is before the Honorable Maria T. Cenzon upon Defendant Anthony Gregory Mendiola's Second Amended *Ex Parte* Motion to Dismiss (the "Motion to Dismiss" or the "Motion") filed on July 6, 2020.[1] On its face, the Second Amended Ex Parte Motion to Dismiss appears to correct the procedural defects noted in the Court's earlier denial; however, for the reasons set forth herein, the Court **DENIES** the Second Amended *Ex Parte* Motion.[2]

---

[1] This Court previously denied Defendant's *Ex Parte* Motion to Dismiss on procedural grounds. *See,* Decision and Order Re. Defendant's Ex Parte Motion to Dismiss, *People vs. Anthony Gregory Mendiola,* Criminal Case No. CF0343-20 (Jul 2, 2020).

[2] On July 2, 2020, as the Court was preparing to issue its Decision and Order denying the Ex Parte Motion to Dismiss, Plaintiff filed his *Amended* Defendant's Ex Parte Motion to Dismiss; Memorandum in Support at 1:34 p.m. (the "Amended Ex Parte Motion"). This Court had not ruled on the *Amended Ex Parte Motion* before it was notified of the SECOND **Amended** *Ex Parte Motion to Dismiss* filed at 10:09 a.m. on July 6, 2020. As Defendant's SECOND *Amended Ex Parte Motion to Dismiss* supercedes the filing of the July 2 Amended Ex Parte Motion, the

*People of Guam vs. Anthony Gregory Mendiola,* Criminal Case No. CF0343-20
Decision and Order Re. Defendant's Second Amended *Ex Parte* Motion to Dismiss
Page 1 of 4

## 1. DEFENDANT'S MOTION FAILS TO ESTABLISH "GOOD CAUSE" REQUIRED TO ADDRESS THE MOTION TO DISMISS ON AN "EX PARTE" BASIS.

As previously discussed in its Decision and Order denying Defendant's July 2 *Ex Parte* Motion to Dismiss, criminal procedure rules are supplemented by the Local Rules of the Superior Court of Guam. GR 1.1 of the Local Rules of the Superior Court of Guam (the "Local Rules") provides that these Local Rules "supplement the Guam Rules of Criminal Procedure[,]" "shall be construed so as to be consistent with applicable statutes to promote the just, efficient and economical determination of every action and proceeding" and "shall apply to all actions and proceedings, including ...criminal [matters]" except where inconsistent with rules or provisions of law specifically applicable to such criminal matters. *Ex Parte* Applications are specifically governed by CVR 7.1.1 (made applicable to criminal proceedings with specific force pursuant to GR1.1(c)(The provisions of the General Rules and the Provisions of Civil Rules 7.1 and 7.1.1 of the Local rules of the Superior Court of Guam shall apply to all actions and proceedings, including criminal cases)).

It is elementary that any application seeking a Court's ruling, particularly one which seeks a dispositive ruling from the Court pursuant to the provisions of CVR 7.1.1 providing for expedited judicial determinations, must establish "good cause" for the Court to address the matter within the extremely abbreviated time period set forth in the rule. *See, People vs. Superior Court of Guam*, 2001 Guam 26 ¶ 9 (Guam 2001) (compelling compliance with procedural rules set forth in the Superior Court by both court and counsel and finding that "absent good cause, the *ex parte* application should not have been entertained.").[3]

---

Court shall treat the July 2 Amended Ex Parte Motion as having been withdrawn by Defendant. If not effectively withdrawn by the Defendant, it is hereby DENIED for the reasons set forth in this Decision and Order.

[3] The Court acknowledges that while the rule which was addressed in *People vs. Superior Court* has since been amended by subsequent promulgation order of the Guam Supreme Court, the Local Rules are replete with mandates that "good cause" be established before a Court may entertain or grant any order sought by a party.

*People of Guam vs. Anthony Gregory Mendiola,* Criminal Case No. CF0343-20
Decision and Order Re. Defendant's Second Amended *Ex Parte* Motion to Dismiss
Page 2 of 4

The Amended Declaration of Counsel ("the McDonald Declaration") indicates that the assigned prosecutor Deputy Attorney General (DAG) J. Basil O'Mallan was provided with a copy of the motion to dimiss on July 2 and that O'Mallan "opposes the motion and would like to be present when it is heard." *McDonald Decl.* at ¶ 3 (Jul. 6, 2020). The Declaration, however, establishes only that the People, through DAG O'Mallan was provided with a copy of the original (or maybe, Second) Ex Parte Motion to Dimiss on **July 2, 2020.** The Declaration does not state whether the People have been served with the most recent July 6, 2020 Second Amended Ex Parte Motion to Dismiss and, therefore, once again fails procedurally to satisfy the requirements of CVR 7.1.1. This Court has already denied the July 2 Ex Parte Motion to Dismiss and the Defendant has already filed a new Second Amended Motion to Dismiss. So, even if the Court were to disregard the procedural defect in the most recent McDonald Declaration and assume that the People were informed of the Second Amended Ex Parte Motion as required under CVR 7.1.1, Defendant's Second Ex Parte Motion and accompanying filings fail to establish the requisite "good cause" allowing the Court to consider it as filed.

Specifically, the pleadings filed by the Defendant do not establish the requisite "good cause" which the Guam Supreme Court has already established is the foremost query in considering an ex parte application for an order of the court. Defendant has not stated why the legal vehicle of the *ex parte* process instead of a standard motion pursuant to CVR 7.1, or even pursuant to a shortened time period as provided in CVR 7.1(j) is justified. Instead, Defendant insists on employing the provisions of CVR 7.1.1 which the Court deems by this Decision and Order (if not already clear by its previous Decision and Order) to be the inappropriate legal process for the Court to decide a Motion to Dismiss the charges of Murder (As A 1st Degree Felony)(SPECIAL ALLEGATION: *Possession and use of a Deadly Weapon in the Commission*

*People of Guam vs. Anthony Gregory Mendiola,* Criminal Case No. CF0343-20
Decision and Order Re. Defendant's Second Amended *Ex Parte* Motion to Dismiss
Page 3 of 4

*of a Felony);* Possession of a Firearm Without Firearms Idenification Card (As a 3rd Degree Felony); Possession of an Unregistered Firearm (As a 3rd Degree Felony).

Because of Defendant's failure to establish "good cause" for this Court to decide this matter pursuant to the provisions of CVR 7.1.1, Defendant's Second Amended Ex Parte Motion to dismiss is **DENIED**.

## 2. DEFENDANT'S MOTION MAY PROCEED AS SET FORTH IN CVR 7.1 AND CR1.1 GOVERNING MOTIONS PRACTICE IN CRIMINAL CASES.

As previously stated in the Court's July 2 Decision and Order, the provisions of CVR 7.1, CR1.1 and any other local rule or statute governing motions practice is available to the Defendant as a means to seeking an order of this Court disposing of this case by a dismissal order. Thus, notwithstanding the denial of the Ex Parte Application on procedural grounds, the Court will permit the motion to proceed pursuant to CR 1.1, as supplemented by CVR 7.1 or any other rule applicable in this case, except for CVR 7.1.1 which the Court has determined to be inappropriate for consideration under that particular rule.[4] Defendant may, therefore, submit the moving papers in the manner as detailed and mandated in CVR 7.1. The Court will then issue CVR FORM 3 setting the time and date for argument or determine that oral argument is unnecessary, as appropriate.

SO ORDERED this 6th day of July, 2020.

**HONORABLE MARIA T. CENZON**
**Judge, Superior Court of Guam**

---

[4] General Rule GR 1.1.(c). As the McDonald Declaration states, the People have indicated a desire to be present at the hearing of this matter; however, the Court finds that for a dispositive motion seeking to dismiss felony murder and other felony charges against a Defendant and to release him, it is imperative that the parties fully brief the authority and points justifying the Court's issuance of such an order. It is also important that the People provide the court with legal authority in support of its opposition. Once Defendant has filed the Notice as instructed by the Court in this and its previous July 2 Decision and Order, the parties will be required to comply with the appropriate briefing schedule.

*People of Guam vs. Anthony Gregory Mendiola,* Criminal Case No. CF0343-20
Decision and Order Re. Defendant's Second Amended *Ex Parte* Motion to Dismiss
Page 4 of 4